IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles E. Carter,<br><br>   Plaintiff,<br><br>v.<br><br>Clarendon County SC Treasurer; Clarendon County Assessor; Clarendon County Auditor,<br><br>   Defendants. | C/A No. 2:20-cv-3969-JFA-PJG<br><br>**ORDER** |

Plaintiff Charles Carter, proceeding *pro se*, originally filed this action in the Clarendon County Court of Common Pleas and Defendants subsequently removed the action to this court averring federal question jurisdiction. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review. Upon receipt of the matter, the Magistrate Judge expressed concerns regarding this Court's subject matter jurisdiction and requested additional briefing on this issue.

After receiving briefing on jurisdiction, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

lacks jurisdiction and should therefore remand this matter back to the Clarendon County Court of Common Pleas. (ECF No. 23). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Both parties were advised of their right to object to the Report, which was entered on the docket on January 28, 2021. (ECF No. 23). The Magistrate Judge required the parties to file objections by February 11, 2021. *Id.* None of the parties submitted any objections and the time for doing so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, each party has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that this Court lacks subject matter jurisdiction over this matter and therefore the case should be remanded to state court.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 23). Thus, this matter is remanded to

the Clarendon County Court of Common Pleas for lack of subject matter jurisdiction. Consequently, all other pending motions in this matter are terminated as moot. (ECF Nos. 4, 7, & 19).

IT IS SO ORDERED.

February 24, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge